U.S. DISTRICT COURT
Eastern District of Louisiana

FILED MAR 1 3 2006

LORETTA G. WHYTE
Clerk

Cr. 00-22
F(2)

February 13, 2006

In the United States District Court

for the

Eastern District of Louisiana

The Honorable, United States District Court Judge

Martin L.C. Feldman

Spencer H. Johnson

[PETITIONER]

v.

United States District Court

for the

Eastern District of Louisiana

[RESPONDANT]

Cause Number: [CR 00 – 22 – F]

Cover Letter and MOTION to run concurrent

State Parole Violation Sentence with Federal Sentence

Now Comes, Spencer H. Johnson, the [PETITIONER], here making [REQUEST] that the United States District Court for the Eastern District of Louisiana, in the persona of, United States District Court Judge, the Honorable, Martin L.C. Feldman, would cause [ORDER] to [ISSUE] that would allow for the running of [PETITIONER] [state parole violation sentence] [concurrent] with [PETITIONER] federal sentence, now being served by the [PETITIONER].

____Fee_____
____Process_____
_X_Dktd_____
_X_CtRmDep_____
____Doc. No._____

I am a former [DEFENDANT] in the United States District Court for the Eastern District of Louisiana, at the above given [cause number], dated January 17, 2000. At that time, I [PLEAD GUILTY] as charged, and was sentenced to a term of imprisonment of [94 MONTHS] the federal violation was Title 21 USC 846 Attempt and Conspiracy.

At the time that I committed the federal offense, I was serving a [(6) six year parole sentence] for an offense against the laws of the State of Louisiana, on January 02, 1992, [Possession with the Attempt to Distribute Cocaine] & [Battery on a Police Officer], [seven years imprisonment] plus [six months] for the [Battery Charge] and on [November 04, 1992, [Possession of Cocaine], [five years imprisonment], [Paroled] on June 10, 1994. Due to my [instant offense], [PETITIONER] currently has a [detainer] lodged for [violating] [parole]. Presently impending [state parole violation sentence] is running [consecutively] to the federal sentence [PETITIONER] is presently serving. [PETITIONER] is presently [ineligible] for [half - way house] placement, because [PETITIONER] sentences [are not] running [concurrent]. [PETITIONER] respectfully [REQUEST] the court, in the persona of, United States District Court Judge, the Hornorable, Martin L.C. Feldman would consider, causing [ORDER] to [ISSUE] that would allow for the running of [PETITIONER], [state parole violation sentence] [concurrent] with the [federal sentence] [PETITIONER] is presently serving.

Louisiana Law states, a [new term] of [imprisonment] [SHALL] be served [consecutively] to the term of [imprisonment] for a violation, [UNLESS], a [concurrent term] of [imprisonment] is expressly directed by the COURT. LA REVISED STATUTE 15:574.10. This statute refers to the COURT as, COURTS of the State of Louisiana, as well as COURTS from other jurisdictions, including the Federal Courts. I have supplied you a copy of Revised Statue 15:574.10.

**Conviction** of a **felony** while on **Parole**.

When a person is convicted in this state of a felony committed while on parole or is convicted under the laws of any other state or of the United States or any foreign government or country of an offense committed while on parole and which if committed in this state would be a felony his parole shall be deemed [**revoked**] as of the date of the commission of the felony or such offense under the laws of the other jurisdiction. His parole officer shall inform the sentencing judge of the fact that the convicted defendant is a parole violator. The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the condition of parole. The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole **unless** a concurrent term of imprisonment is expressly directed by the court.

The **Louisiana Department** of **Corrections**, can and will accept a United States District Court Judge's running of **State** of **Louisiana** [**parole time**] [**concurrent**] with federal incarceration being served, and the judge's order [**CAN**] be made subsequent to the [**original sentence**]. The **Louisiana Department** of **Public Safety** and **Correction**, [**will**] accept based on the federal decison. See [**Dorman v Ward**]. The **Louisiana Department** of **Public Safety** and **Corrections** has no objections.

See **SENTENCING IN GENERAL**

**State of Louisiana**, **Code** of **Criminal Procedure**

**Art. 883**. **Concurrent** and **Consecutive Sentences**

[**Defendant**] is [**convicted**] of two or more offenses based on the same act or transaction, or constitution parts of a common scheme or plan, the terms of imprisonment shall be served [**concurrently**] **unless** the court expressly directs that some or all be served [**consecutively**]. Other sentences of imprisonment shall be served [**consecutively**] unless the court expressly directs that some or all of them be served [**concurrently**], In the case of the [**concurrent sentence**], the judge

shall specify, and the court minutes shall reflect, the date from which the sentences are to run [concurrently].

Amended by Acts 1977, No. 397, § 1

### Art. 883.1 Sentences

### Concurrent with Sentences of other Jurisdiction

A. The sentencing court may specify that the sentence imposed be served [concurrently] with a sentence imposed by a federal court or a court of any other state and that service of [concurrent] terms of imprisonment in a federal correctional institution or a correctional institution of another state shall be in this state in the manner and to the same extent as if the [defendant] had been committed to the Louisiana Department of Public Safety and Corrections for the term of years served in a federal correctional institution or a correctional institution of another state. When serving a [concurrent] sentence in a federal correctional institution or a correctional institution of another state, the [defendant] shall receive credit for time served as allowed under the laws of this state.

May the Court be aware, [DEFENDANT] or [FAMILY MEMBER] are allowed to pick-up the ORDER, and foward said ORDER, of the courts minutes, containing judge's ORDER, to the Louisiana Department of Public Safety and Corrections, and the Louisiana Department of Safety and Corrections [will] remove the [detainer].

[PETITIONER] has supplied the COURT with a letter from [PETITIONER], [Parole Officer] Mr. Rick Weidenhaft. Mr. Terry Sanders, the Assistant Program Manager of the Louisiana Department of Public Safety and Corrections Fugitive Warrant Unit, will send to the COURT a letter. The letter from Mr. Sanders shows that the Louisiana Department of Public Safety and Corrections will HONOR an ORDER that allows for the running [concurrent] my [FEDERAL SENTENCE] and [STATE

PAROLE] violations, [**without**] any opposition. Mr. Terry Sanders, at [225 - 342 - 6615] also sent to Assistant United States District Attorney, Maurice Landrieu, a letter explaining [**how**] and [**why**] the State of Louisiana will [**HONOR**] this agreement and the same letter will be sent to the COURT.

[**PETITIONER**] has supplied the COURT with the following documentation, copies of [**PETITIONER**] programming accomplishments; General Education Diploma; Certificates of Vocational Training; earned from [Lamar University], and over [7,000 Hours] of [documented electrical training], and a [Certificate of Completion] from the [500 Hours of Residential Drug Abuse Program].

I have vocationally, academically, mentally and spiritually trained to be a productive citizen.

Most Respectfully Submitted

SPENCER H. JOHNSON
Register Number  26940 - 034
Federal Correctional Complex [LOW]
Beaumont, Texas 77720

# E X H I B I T S

### (1) Louisiana Revised Statute
### [15:5 74.10]

**Conviction** of a **Felony** while on **Parole**

## (2) Louisiana Code of Criminal Procedure

### Sentencing in General

### (a) Art. 883 Concurrent and Consecutive Sentences

### (b) Art. 883.1 Sentences Concurrent with Sentences of other Jurisdiction

### (3) Letter from Rick Weidenhaft

### (4) Spencer Johnson's Academic Certifications

### (5) Spencer Johnson's Vocational Certifications

### (6) Spencer Johnson's Residential Drug Abuse Program Accomplishments

### (a) Certificate of Completion

### (b) Drug Treatment Summary

fied reasonable time pending receipt of further information necessary to a final determination.

B.   The board may order revocation of parole upon a determination that:

(1)  The parolee has failed, without a satisfactory excuse, to comply with a condition of his parole; and

(2)  The violation of condition involves the commission of another felony, or misconduct indicating a substantial risk that the parolee will commit another felony, or misconduct indicating that the parolee is unwilling to comply with proper conditions of parole.

C.   Other than for conviction of a felony committed while on parole, action revoking a parolee's parole and recommitting him for violation of the condition of parole must be initiated before the expiration of his parole term.   When a warrant for arrest is issued by the Board of Parole or a detainer is issued by the parole officer, the running of the period of parole shall cease as of the time the warrant or detainer is issued. A parolee under supervision in this state or another state, who has absented himself from the supervising jurisdiction, or from his place of residence, without proof of permission for such absence, shall be deemed a fugitive from justice and shall be returned to the physical custody of the Department of Public Safety and Corrections for a revocation hearing by the Board of Parole, without necessity of a prerevocation or probable cause hearing, at or near the place of the arrest or violation.   No credit shall be applied toward completing the full parole term for the period of time the parolee was a fugitive from justice.

D.   Parole revocation shall require two votes of a three-member panel of parole board members or, if the number of members present exceeds a three-member panel, a majority vote of those members present and voting, and the order of revocation shall be reduced to writing and preserved.

E.   When the parole of a parolee has been revoked by the board for the violation of the conditions of parole, the parolee shall be returned to the physical custody of the Department of Public Safety and Corrections, office of corrections services, and serve the remainder of his sentence as of the date of his release on parole, subject to consideration by the board of any commutation of the sentence, and any diminution of sentence earned for good behavior while in the institution.  The parolee shall be given credit for time served prior to the revocation hearing whether such time is served in a local detention facility, state institution, or out-of-state institution.   The parolee shall not receive credit for such time served prior to the revocation hearing where the revocation is based on the subsequent conviction of a crime, in which case the parolee will receive credit for time served for the subsequent conviction pursuant to Code of Criminal Procedure Article 880.

F.   Any such ... ose parole has been revoked may be c...  ...,  the board for re-parole in accordance with the provisions of this Part.

Acts 1968, No. 191, § 1.  Amended by Acts 1974, No. 106, § 1; Acts 1974, No. 198, § 1; Acts 1974, No. 203, § 1; Acts 1985, No. 196, § 1, eff. July 6, 1985; Acts 1985, No. 930, § 2, eff. July 23, 1985; Acts 1988, No. 380, § 1; Acts 1990, No. 330, § 1; Acts 1991, No. 116, § 1; Acts 1991, No. 118, § 1; Acts 1995, No. 1011, § 1; Acts 2001, No. 608, § 1.

**Applicability**

*Section 2 of Acts 2001, No. 608 (§ 1 of which amended subsec. E of this section) provides:*

*"The provisions of this Act amending R.S. 15:574.9(E) shall apply to all persons in the custody of the Department of Public Safety and Corrections on the effective date of the Act."*

*Acts 2001, No. 608 became effective August 15, 2001.*

### § 574.10.   Conviction of a felony while on parole

When a person is convicted in this state of a felony committed while on parole or is convicted under the laws of any other state or of the United States or any foreign government or country of an offense committed while on parole and which if committed in this state would be a felony, his parole shall be deemed revoked as of the date of the commission of the felony or such offense under the laws of the other jurisdiction. His parole officer shall inform the sentencing judge of the fact that the convicted defendant is a parole violator.   The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the conditions of parole.   The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole unless a concurrent term of imprisonment is expressly directed by the court.   An appeal by the defendant on the new conviction or sentence shall not suspend the revocation provisions of this Section, unless the defendant has been admitted to post-conviction bail on the new sentence of imprisonment.   In the event of a successful appeal of the new conviction or sentence, the state shall be liable for any loss of income sustained by the defendant due to such revocation of parole.

Acts 1987, No. 95, § 1; Acts 1993, No. 104, § 1.

**Historical and Statutory Notes**

Acts 1987, No. 95, § 2 provides:
"The provisions of this Act shall apply to all persons on parole before or after the effective date of this Act." [Sept. 1, 1987].

### § 574.11.   Finality of board determinations; venue

A.   Parole is an administrative device for the rehabilitation of prisoners under supervised freedom from

### Art. 881.5.  Correction of illegal sentence by trial court

On motion of the state or the defendant, or on its own motion, at any time, the court may correct a sentence imposed by that court which exceeds the maximum sentence authorized by law.

Added by Acts 1991, No. 38, § 1, eff. Jan. 31, 1992.

### Art. 881.6.  Repealed by Acts 1995, No. 942, § 3.

### Art. 882.  Correction of illegal sentence; review of illegal sentence

A.  An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.

B.  A sentence may be reviewed as to its legality on the application of the defendant or of the state:

(1) In an appealable case by appeal; or

(2) In an unappealable case by writs of certiorari and prohibition.

C.  Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.

Amended by Acts 1984, No. 587, § 1.

### Art. 883.  Concurrent and consecutive sentences

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.  Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

Amended by Acts 1977, No. 397, § 1.

### Art. 883.1.  Sentences concurrent with sentences of other jurisdictions

A.  The sentencing court may specify that the sentence imposed by a federal court or a court of any other state and that service of the concurrent terms of imprisonment in a federal correctional institution or a correctional institution of another state shall be in satisfaction of the sentence imposed in this state in the manner and to the same extent as if the defendant had been committed to the Louisiana Department of Public Safety and Corrections for the term of years served in a federal correctional institution or a correctional institution of another state.  When serving a concurrent sentence in a federal correctional institution or a correctional institution of another state, the defendant shall receive credit for time served as allowed under the laws of this state.

B.  Whenever sentence is imposed under the provisions of this Article, the court shall order that the defendant be remanded to the custody of the sheriff of the parish in which the conviction was had in the event that the terms of imprisonment to which the defendant is sentenced in the foreign jurisdiction terminates prior to the date on which the sentence imposed in this state is to terminate.

C.  In every case where a sentence at hard labor is imposed under the provisions of this Article, the court shall order that a certified copy of the court minutes and court order be forwarded to the Louisiana Department of Corrections.  Should the defendant complete his term of imprisonment during his incarceration in the other jurisdiction, the department shall forward a copy of the discharge papers to the sheriff in the parish of conviction and to the appropriate authorities having physical custody of the defendant.

Added by Acts 1976, No. 490, § 1.  Amended by Acts 1991, No. 138, § 2, eff. Jan. 31, 1992.

#### Historical and Statutory Notes

Sections 4 and 5 of Acts 1991, No. 138 (§ 2 of which amends this article) provide:

"Section 4.  The provisions of the Act shall become effective on January 1, 1992, or thirty days after the effective date of the sentencing guidelines promulgated by the Louisiana Sentencing Commission, whichever is later.

"Section 5.  The provisions of this Act shall apply only to persons sentenced on or after the effective date of this Act and shall apply prospectively only to the remaining portion of any sentence of any person serving a sentence or sentences on or after the effective date of this Act."

The sentencing guidelines promulgated by the Louisiana Sentencing Commission became effective on January 1, 1992.

### Art. 883.2.  Restitution to victim

In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose.

Added by Acts 1999, No. 783, § 3, eff. Jan. 1, 2000; Acts 1999, No. 988, § 1.

### Art. 884.  Sentence of fine with imprisonment for default

If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year; provided that where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in pay-

3

# Department of
# PUBLIC SAFETY AND CORRECTIONS



**KATHLEEN BABINEAUX BLANCO,
GOVERNOR**

**RICHARD L. STALDER, SECRETARY**

Division of Probation & Parole
Telephone: (504) 361-6730

Harvey State Office Bldg
2150 Westbank Expway Ste 501
EQUAL OPPORTUNITY EMPLOYER

Harvey, LA  70058
Fax: (504) 361-6286

Spencer H. Johnson
Federal Correctional Complex
Beaumont Low Security
P.O. Box 26020
Beaumont, Texas 77720-6020

1-17-2006

Dear Mr. Johnson,
I am in receipt of your letter dated January 6, 2006, reference your intention to ask
Judge Feldman to run your Federal time concurrent with your State time.
I personally have no objection to all of your time being put together. As much as my
opinion counts, I wouldn't have any problem with this. You have obviously taken
advantage of the opportunities presented to you during your time in prison. That should
count for something.
As for the State of Louisiana's position, I cannot speculate. I believe it is a matter of law,
not department policy. However, I can say that in the cases I have seen, if a Judge
ordered a sentence to be served concurrently, it was always treated that way.
Good luck with your request.

Richard D. Weidenhaft
Jefferson Parish P&P

State of Texas

# Certificate of High School Equivalency

SPENCER OLSON

has demonstrated a level of performance
on the General Educational Development Tests
that meets standards prescribed
by the Texas Education Agency

*Commissioner of Education*

Issued: October 17, 2000

Test Version: ENGLISH

Certificate Number: 466116

# Certificate of Achievement

Awarded to

**Special Jackson**

**Analysis & Research for Investing**

FCC Beaumont Medium (Institution)

_____        _____        _____
Supervisor of Education                        Date                        ACE Coordinator

Certificate of

# ACHIEVEMENT

Let it be known that

## SPENCER JOHNSON

has satisfactorily completed
all the required coursework for

### INTRO SMALL BUSINESS

Awarded on the 10th day of December 2003.

L. Devereaux
L. Devereaux, A.C.E. Coordinator

J. Nichols
J. Nichols, Supervisor of Education

# Certificate of Achievement

Awarded to

*Spencer John...*

**Spanish I**

FCC Beaumont – Medium (Education Department)



July 2001
Date

_____
Supervisor of Education

James Paul
ACE Coordinator

# Certificate of Achievement

## Awarded to

*Spencer Johnson*



FCC Beaumont – Medium (Education Department)

_____
Supervisor of Education

_____
4-25-01
Date

_____
ACE Coordinator

# Certificate of Achievement

Awarded to

*Spencer Johnson*

Entrepreneur

FCC-Business Management

Larry Bob
Supervisor of Education

4-25-01
Date

ACE Coordinator

# Certificate of Achievement

Awarded to

*Spencer Johnson*



Fee, Beaumont — Medium (Hamilton Department)

**Sales & Marketing**

_____
Supervisor of Education

4.25.01
Date

_____
ACE Coordinator

www.FLORIDAFALSE.ORG    Document #2    Filed 00/00/2000    Page 17 of 40



*Certificate of*

# ACHIEVEMENT

Let it be known that

## SPENCER JOHNSON

has satisfactorily completed
all the required coursework for
COMMERCIAL REAL ESTATE

Awarded on this 5th day of December, 2005

_____
J. C. Nichols, Supervisor of Education

_____
J. Devereaux, ACE Coordinator

**Apprenticeship Agreement**
Office of Apprenticeship Training,
Employer and Labor Services

**U.S. Department of Labor**
Employment and Training Administration

5

**Warning: This agreement does not constitute a certification under Title 29, CFR, Part 5 for the employment of the apprentice on Federally financed or assisted construction projects. Current certifications must be obtained from the Bureau of Apprenticeship and Training or the recognized State Apprenticeship Agency shown below. (Item 22)**

OMB No. 120
Expires: 02/

Privacy Act Statement: The information requested herein is used for apprenticeship program statistical purposes and will only be disclosed in accordance with the provisions of the Privacy Act, as amended . (Privacy Act of 1974) (P.L. 93-579).

The program sponsor and apprentice agree to the terms of Apprenticeship Standards incorporated as part of this Agreement. The sponsor will not discriminate in the selection and training of the apprentice in accordance with the Equal Opportunity Standards in Title 29 CFR Part 30.3, and Executive Order 11246. This agreement may be terminated by either of the parties, citing cause(s), with notification to the registration agency, in compliance with Title 29, CFR, Part 29.6.

**Part A: To be completed by sponsor**

1. Sponsor (Name and address)  Program No.  TIX 015990004

WARDEN  RUDY CHILDRESS

P.O. BOX 26025

FCC BEAUMONT LOW

BEAUMONT, TEXAS 77720-6025

2a. Trade (The work processes listed in the standards are part of this agreement)   ELECTRICIAN

| 2b. DOT symbol | 3. Term (Hrs., Mos., Yrs.) | 4. Probationary period (Hrs., Mos., Yrs.) |
|---|---|---|
| 824.261010 | 8,000 HRS | 1,000 HRS |

| 5. Credit for previous experience (Hrs., Mos., Yrs.) | 6. Term remaining (Hrs., Mos., Yrs.) | 7. Date apprenticeship begins (Indenture date) |
|---|---|---|
| 959.2 HRS | 7040.8 HRS | 8/15/2003 |

8. Related instruction  a. Number of hours per year

b. Method
[ ] Classroom
[ ] Shop
[X] Correspondence

c. Source
[X] Voc. Ed.
[ ] Sponsor
[ ] Other

d. Apprentice wages for related instruction
[ ] Will be paid
[X] Will not be paid

9. Apprenticeship wages: For completing instructions on this item, see reverse side.

| | Period 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| a. Term (Hrs., Mos., Yrs.) | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | | |
| b. Percent | | | | | | | | | | |

c. Journeyperson's Wage as of _____ is _____ per hour.

10a. Signature of committee (If applicable)    Date Signed  8-15-03

10b. Signature of committee (If applicable)    Date Signed

11. Signature of authorized representative (Employer/Sponsor)    Date Signed  9/9/04

12. Name and address of sponsor designee to receive complaints (If applicable)
C.DEWS, APPRENTICESHIP COORD.
FCC/BEAUMONT/LOW
P.O. BOX 26025
BEAUMONT, TX. 77720-6025

**Part B: To be completed by apprentice. Note to Sponsor: Part B should only be filled out by apprentice.**

13. Name (Last, first, middle) and address (No., Street, City,County, State, Zip Code)    *Social Security number  |4|3|9|1|5|1|6|2|

JOHNSON, SPENCER #26940-034
FCC BEAUMONT, LOW
P.O. BOX 26020
BEAUMONT, TX. 77720-6020

| 14. Date of birth (Mo., Day, Yr.) | 15. Sex (X one) | 16. Apprenticeship school linkage |
|---|---|---|
| 2/9/1971 | [X] Male [ ] Female | [ ] Yes [X] No |

17. a. Race (X one)
[ ] Am. Indian or Alaska Native
[ ] Asian or Pacific Islander
[X] Black
[ ] White

b. Ethnic Group (X one)
[ ] Hispanic origin
[ ] Not of Hispanic origin

18. Veteran Status (X one)
[ ] Veteran
[X] Non Veteran

19. Highest education level (X one)
[ ] 8th grade or less
[ ] 9th to 12th grade
[X] GED
[ ] High School Graduate

20. Signature of apprentice    Date  8-7-03

21. Signature of parent/guardian (If minor)    Date

**Part C: To be completed by registration agency**

22. Registration agency and address
U.S. DOL  BAT
8701 Gessner Rd
Houston TX 77074

23. Signature (Registration agency)

24. Date registered  09/01/04

*The submission of your social security number is voluntary. Failure to disclose your social security number on this form will not affect your right to be registered as an apprentice. (For the Privacy Act, the Records Maintenance Authority and OMB Disclosure statements, see reverse side.)

Page 1 of 2

ETA 671  Rev. Feb. 2000

## APPRENTICE'S MASTER RECORD – *Electric*

NAME **JOHNSON, SPENCER**

REG. NO. **26940-034**

SS NUMBER **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**

ADDRESS **P.O. BOX 26020**

**BEAUMONT, TX 77720-6020**

DATE REGISTERED **08-15-2003**

APPRENTICESHIP TERM **8,000** HRS.

PREVIOUS CREDIT **759.2**

DATE COMPLETED _____

DATE CANCELLED _____

SCHOOL GRADE COMPLETED: **GED**

JOINT APPRENTICE COMMITTEE, INITIALS _____

Credit 759.2 | 3,620

| Month & Year | Hrs Wkd | Hourly Rate | Total Wage | Related Instr. | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/03 | 107 | .12 | | | 7 | 7 | 4 | 23 | 23 | 23 | 20 | | | | | |
| 6/03 | 152 | .12 | | | 10 | 10 | 6 | 33 | 33 | 32 | 28 | | | | | |
| 7/03 | 141 | .12 | | | 9 | 9 | 5 | 31 | 31 | 30 | 26 | | | | | |
| 8/03 | 125 | .12 | | | 8 | 8 | 5 | 27 | 27 | 27 | 23 | | | | | |
| 9/03 | 144 | .17 | | | 9 | 9 | 4 | 32 | 32 | 31 | 27 | | | | | |
| 10/03 | 150 | .17 | | | 9 | 9 | 6 | 33 | 33 | 32 | 28 | | | | | |
| 11/03 | 151 | .17 | | | 9 | 9 | 6 | 33 | 33 | 33 | 28 | | | | | |
| 12/03 | 134 | .17 | | | 9 | 9 | 5 | 29 | 29 | 28 | 25 | | | | | |
| 1/04 | 112 | .29 | | | 6 | 7 | 4 | 25 | 25 | 24 | 21 | | | | | |
| 2/04 | 154 | .29 | | | 8 | 10 | 6 | 34 | 34 | 33 | 29 | | | | | |
| 3/04 | 120 | .29 | | | 6 | 8 | 5 | 26 | 26 | 26 | 23 | | | | | |
| 5,110 | | | | | | | | | | | | | | | | |
| 4/04 | 160 | .29 | | | 10 | 10 | 6 | 35 | 35 | 34 | 30 | | | | | |
| 5/04 | 160 | .29 | | | 10 | 10 | 6 | 35 | 35 | 34 | 30 | | | | | |
| 6/04 | 154 | .29 | | | 8 | 10 | 6 | 34 | 34 | 33 | 29 | | | | | |
| 7/04 | 160 | .29 | | | 10 | 10 | 6 | 35 | 35 | 34 | 30 | | | | | |
| 8/04 | 170 | .29 | | | 11 | 11 | 6 | 37 | 37 | 36 | 32 | | | | | |
| 9/04 | 139 | .29 | | | 9 | 9 | 5 | 30 | 30 | 30 | 26 | | | | | |
| 10/04 | 147 | .29 | | | 9 | 9 | 6 | 32 | 32 | 31 | 28 | | | | | |
| 11/04 | 150 | | | | 9 | 9 | 6 | 33 | 33 | 32 | 28 | | | | | |

APPRENTICE'S MASTER RECORD

NAME _Johnson, Spencer_    SS NUMBER _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_

| Month & Year | Hrs Wkd | Hourly Rate | Total Wage | Related Instr. | THE BASIC WORK SCHEDULE | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | A | B | C | D | E | F | G | H | I | J | K | L |
| 12/4 | 126 | .29 | | | 6 | 8 | 5 | 28 | 28 | 27 | 24 | | | | | |
| 1/05 | 104 | .29 | | | 5 | 7 | 4 | 23 | 23 | 22 | 20 | | | | | |
| 2/05 | 144 | .29 | | | 8 | 9 | 5 | 32 | 32 | 31 | 27 | | | | | |
| 3/05 | 99 | .29 | | | 4 | 6 | 4 | 21 | 21 | 20 | 18 | | | | | |
| 4/05 | 99 | .29 | | | 5 | 6 | 4 | 22 | 22 | 21 | 19 | | | | | |
| 5/05 | 99 | .29 | | | 4 | 6 | 4 | 21 | 21 | 20 | 18 | | | | | |
| 6/05 | 90 | .29 | | | 5 | 6 | 3 | 20 | 20 | 19 | 17 | | | | | |
| 7/05 | 147 | .29 | | | 9 | 9 | 6 | 32 | 32 | 31 | 28 | | | | | |
| 8/05 | 161 | .29 | | | 11 | 10 | 6 | 35 | 35 | 34 | 30 | | | | | |
| 9/05 | 140 | .29 | | | 8 | 9 | 5 | 31 | 31 | 30 | 26 | | | | | |
| 10/05 | 105 | .29 | | | 6 | 7 | 4 | 23 | 23 | 22 | 20 | | | | | |
| 11/05 | 196 | .29 | | | 12 | 12 | 7 | 43 | 43 | 42 | 37 | | | | | |
| 12/05 | 147 | .29 | | | 9 | 9 | 6 | 32 | 32 | 31 | 28 | | | | | |
| 1/06 | 140 | .29 | | | 8 | 9 | 5 | 31 | 31 | 30 | 26 | | | | | |

# LAMAR INSTITUTE OF TECHNOLOGY

## Beaumont, Texas

*This is to certify that*

# SPENCER JOHNSON

*has successfully completed*

## HEATING VENTILATION & AIR CONDITIONING "HVAC"

*conducted by the*

## WORKFORCE TRAINING DEPARTMENT

360 CLOCK HOURS

Instructor or Coordinator, Workforce Training

Date: November 05, 2003

Vice President of Academic Affairs

# LAMAR STATE COLLEGE - PORT ARTHUR
## PORT ARTHUR, TEXAS

*This is to certify that*

## SPENCER JOHNSON

*has successfully completed*

## BUILDING TRADES

*conducted by the*

# DIVISION OF TECHNICAL PROGRAMS

**360 CLOCK HOURS**

*Program Director*

Date   **MAY 2, 2002**

*Dean of Technical Programs*

# LAMAR STATE COLLEGE - PORT ARTHUR

## PORT ARTHUR, TEXAS

*This is to certify that*

# SPENCER JOHNSON

*has successfully completed*

## MAJOR APPLIANCE REPAIR

*conducted by the*

# DIVISION OF TECHNICAL PROGRAMS

240 CLOCK HOURS

*Program Director*

NOVEMBER 25, 2002

Date

*Dean of Technical Programs*

# LAMAR STATE COLLEGE - PORT ARTHUR

## PORT ARTHUR, TEXAS

*This is to certify that*

## SPENCER JOHNSON

*has successfully completed*

## COMMERCIAL DRIVER'S LICENSE

*conducted by the*

## DIVISION OF TECHNICAL PROGRAMS

**180 CLOCK HOURS**

*Program Director*

Date ___AUGUST 10, 2004___

*Dean of Technical Programs*

# LAMAR STATE COLLEGE - PORT ARTHUR
## PORT ARTHUR, TEXAS

*This is to certify that*

## SPENCER JOHNSON

*has successfully completed*

## MICROCOMPUTER APPLICATIONS

*conducted by the*

## DIVISION OF TECHNICAL PROGRAMS

360 CLOCK HOURS

_____
Program Director

Date ___ FEBRUARY 13, 2006 ___

_____
Dean of Technical Programs

# Certificate of Achievement

This is to Certify that on this day, June 1, 2005,

## Spencer Johnson

Successfully Completed the Requirements of the
Residential Drug Abuse Program
at FCC Beaumont - Low, Texas.

Pamela Morris, Ph.D.
RDAP Coordinator

Ruby Childress
WARDEN

Sheila Jones
Drug Treatment Specialist





**BUREAU OF PRISONS**

**DRUG ABUSE TREATMENT PROGRAMS**
**TREATMENT SUMMARY**


TO:      __X__   **Community Corrections Manager**
         __X__   **Transitional Services Manager**
         _____   **United States Probation Officer**
         __X__   **Institutional Drug Abuse Treatment Specialist**
         __X__   **Community Drug Treatment Counselor**

RE:      **Last Name:**    __Johnson__

         **First Name:**   __Spencer__

         **Registration #:**  __26940-034__

         **Criminal Justice Status:**
         _____   **BOP/General Population**
         __X__   **BOP/CCC Placement**
         _____   **Parole**
         _____   **No criminal justice hold**


## TREATMENT SUMMARY NARRATIVE:

## CRIMINAL HISTORY:

Mr. Johnson is a thirty-four-year-old African-American male. He is currently incarcerated at the Federal Correctional Complex-Low Security Institution, in Beaumont, Texas. His instant offense is for Conspiracy to Distribute Cocaine. He received a sentence of ninety-four months with five years supervised release. His Pre-sentence Investigation (PSI), indicates he has the following arrests and criminal convictions:

01/02/92 - Possession with Intent to Distribute Cocaine/Battery on a Police Officer, seven years imprisonment plus six months for battery charge
05/13/92 - Possession of Marijuana, six months imprisonment
11/04/92 - Possession of Cocaine, five years imprisonment, Paroled on June 10, 1994. Due to his instant offense, he currently has a detainer lodged for violating his parole.
09/27/93 - Violation of the Open Container law, 10 days imprisonment, suspended

Mr. Johnson has a prior juvenile conviction for Possession of Stolen Property on 11/28/88. He received 18 months probation.

Mr. Johnson currently has pending charges for Possession of Stolen Property and several traffic violations.

## SOCIAL HISTORY:

Mr. Johnson was born on February 9, 1971 in New Orleans, Louisiana. His father is not listed on his birth certificate and Mr. Johnson stated his father is not known. He was raised in New Orleans and Westwego, Louisiana, by his mother, Ethel Johnson, age 50. His maternal grandmother, Arjeil Carter, age 71 and step-grandfather, Melvin Carter were also instrumental in his child-rearing years. His stepfather passed away in 1990 at the age of 80 due to a stroke. He stated that he looked at his grandmother as a motherly figure. He stated that he did not get what he needed from his mother and adjusted to looking toward his grandmother for that support. Mr. Johnson has one brother, Rashad Johnson, age 14, who lives with his mother. He stated that he did not have any severe issues due to his father's absence. He indicated that he had several positive role models in his life.

Mr. Johnson has never been married and is not involved in any serious relationship at the time. He has two sons, Rasan Shelton, age 12, and Rasheed Shelton, age 9, from a four-year relationship with Teoka Shelton. He stated that he and Ms. Shelton get along "as well as they have to." He stated that he has a good relationship with his sons, but can tell they are angry with him due to his incarceration. Mr. Johnson is currently engaged to Ericka Stearns.

Upon his release, he plans to reside with his fiancé, Ericka Stearns, in New Orleans, Louisiana.

## EDUCATIONAL/WORK HISTORY:

Per his PSI, Mr. Johnson attended public elementary and junior high schools in New Orleans, Louisiana. He attended four high schools including John McDonough, L.W. Higgins, Francis T. Nichols and Warren Easton High School. He quit school after failing the twelfth grade. He obtained his GED. Mr. Johnson attended Delgado Community College in the fall of 1994. He withdrew from two of his three classes and failed the third class.

During his incarceration, Mr. Johnson completed several educational courses such as; Workforce Math 1 (30 hours), Workforce Math 2 (30 hours), Drug Education (40 hours), Entrepreneur Class (16 hours), Ace English Grammar Class (16 hours), Ace Sales & Marketing Class (16 hours), Ace Real Estate (16 hours), Ace Spanish Level 1 (32 hours), Analysis and Research (16 hours), Ace Introduction to Business (18 hours) and Personal Finance (14 hours). He has also completed 90 hours in a CDL class, 228 hours in HVAC, 129 hours in Microcomputer VT, 240 hours in Major Appliances and 360 hours in a Building Trades. He is currently enrolled in an Electrical Apprenticeship course and had completed approximately 5000 hours.

Per his PSI, Mr. Johnson's work history consists of "odd jobs" which could not be verified. Upon his release, Mr. Johnson plans to seek employment in the electrical field.

## SUBSTANCE ABUSE HISTORY:

According to his substance abuse eligibility interview, PSI and treatment interview, he reported he began using marijuana when he was 18 years of age. He indicated that he would smoke three to four marijuana cigarettes per week. He advised that he began drinking alcohol at age 18, and drank about a pint of alcohol three to four days a week. He has experimented with cocaine, ecstasy and PCP. In 1991, he was treated on an outpatient basis for a drug overdose at Charity Hospital after he ingested some crack cocaine while being pursued by the authorities. According to his DSM-IV Diagnostic Impression on his eligibility interview, he was diagnosed with marijuana and alcohol dependence.

**████████████ ████████████ ████████CE:**

Mr. Johnson began treatment at the Federal Correctional Complex-Low Security Institution, Beaumont, Texas, on August 13, 2004. He was interviewed for eligibility prior to entering the Residential Drug Abuse program and the PSI was used to verify that he met the requirements for the program. The verified documentation from the PSI supported the DSM-IV criteria for marijuana and alcohol dependence. He initially completed an autobiography of his life experiences and completed a goal planning worksheet. A Treatment Plan was developed and several goals were developed: Abstain from all mind altering chemicals, specifically marijuana and alcohol; maintain a daily journal of thoughts and feelings; learn to maintain responsible behavior; learn the importance of commitment and how it will improve his relationships; learn tools to improve his family relationships and learn the physical and financial effects of smoking. Mr. Johnson entered the program with a lot of enthusiasm. In the early stages of the program, Mr. Johnson became a leader. He voiced his opinion and led the group discussions in a positive direction. When his peers would become negative, he always spoke his mind and had no problems debating that they should be in the class to change. During the middle stages of the group, Mr. Johnson received an infraction for being in possession of contraband. He accepted responsibility for his actions and maintained a positive attitude. He was disappointed that he received an infraction, but his attitude toward his treatment and his motivation to change remained positive. During the late stages of the group, Mr. Johnson continued to be a positive leader in group. He facilitated a process group and was able to keep his peers on the topic. Throughout his treatment experience in the group, Mr. Johnson demonstrated a desire to obtain information that would make positive changes in his lifestyle. During the course of the program, Mr. Johnson learned how to accept responsibility for his actions without placing the blame on other people. Overall, Mr. Johnson did a very good job in the program. He worked hard in the group during all of the exercises and has improved on his cognitive skills. Mr. Johnson developed some good tools to assist him in refraining from drugs/alcohol and criminal activity.

## SUMMARY OF STRENGTHS:

**Positive Self-Esteem**- Mr. Johnson stated during his treatment interview that he feels he is a responsible person. He indicated that he is intelligent and open-minded.

**Determined Nature** - Mr. Johnson has a very high motivational drive. He has expressed a desire to succeed upon his release. He was highly motivated during the program. He also took steps to educate himself in order to be prepared for employment upon release.

**Honesty**- Mr. Johnson has been able to face his self-defeating behavior by the use of honesty with himself and others.

## SUMMARY OF WEAKNESSES:

**Drugs**- Mr. Johnson has a lengthy history of substance abuse. He will need to deal with unpleasant emotions without the use of drugs and alcohol.

**Relationships**- Mr. Johnson indicated that he has problems with commitment. He will need to examine his conflicts with intimacy and learn how to have healthy relationships.

**Patience -** Mr. Johnson stated that he is an impatient person. He will need to use the tools he has learned to work toward his goals without becoming anxious or impatient. He appeared to have worked on this weakness during the program. He seemed relaxed and in good spirits the majority of the time.

## RELAPSE TRIGGERS:
Mr. Johnson has identified the following as relapse triggers in his Relapse Prevention plan.

**People**- Mr. Johnson stated that he feels his old friends will be relapse triggers. He stated that he will also need to avoid people that abuse alcohol and drugs, family members that abuse alcohol and drugs and individuals that are involved in criminal activity.

**Places**- Mr. Johnson stated that neighborhood hangouts, the home's of drug abusing friends and casinos will be places that could trigger a relapse. He also stated that family gatherings could be a relapse trigger.

**Things**-He stated that he will have to keep himself busy to avoid becoming bored. He stated he will also be aware when dealing with anger and use the tools he learned in RDAP. He should also pay attention to the following relapse triggers: becoming overconfident, not communicating with important people in his life, lying, feeling impatient, having too much free time and writing off responsibilities.

## RECOMMENDATION FOR CONTINUED TREATMENT:

Mr. Johnson should continue in his recovery progress by becoming a member of a self-help group, featuring a twelve-step process, such as NA/AA. He will need to find a new group of people to spend time with and must avoid the people he used to socialize with. He would benefit by surrounding himself with a positive support group. Mr. Johnson will benefit from a sponsor in a self-help group, a person he could communicate with when he becomes bored or has the desire to use again. Mr. Johnson will benefit from Group Therapy or individual counseling to address any new issues related to drug abuse and relapse prevention.

Completed by:          Sheila Jones, DTS

Signature:

RDAP Coordinator:     Pamela Morris, Ph. D.

Signature:

Date:

Institution:           FCC Beaumont (Low), Texas

Inmate Signature:



**U. S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Complex*

---

*5560 Knauth Road*
*Beaumont, Texas 77705*

December 29, 2005

To Whom it May Concern:

This letter is written to inform you that inmate Spencer Harold Johnson (Reg. No. 26940-034) completed the 500-hour Residential Drug Abuse Program at the Federal Correctional Complex-Low Security Institution in Beaumont, Texas on 06-01-2005. He began the program on 08-13-2004. The program is a comprehensive unit-based drug treatment program. The following treatment courses are reviewed in the program: orientation, interpersonal skills, criminal lifestyles, cognitive skills, wellness and relapse prevention.  Mr. Johnson met all of the attendance, activity, examination and participation requirements of the program.  He is currently enrolled in the required aftercare portion of the program at our institution.

If you have any questions or concerns, please feel free to contact me at (409)727-8172, extension 2118.

Sincerely,

Pamela Morris, Ph.D.
Drug Abuse Program Coordinator

February 13, 2006


From:  Spencer H. Johnson

      Register Number  26940 - 034

      Federal Correctional Complex [LOW]

      Post Office Box  26020

      Beaumont, Texas  77720

Subj:  Federal and State Concurrency

Ref:  United States v. Johnson [CR 00 22 F]

To:    The Honorable, Martin L.C. Feldman

      United States District Court Judge

      for the

      Eastern District of Louisiana

      500 Camp Street

      New Orleans, Louisiana  70130

      Your Honor,

I am a former [DEFENDANT] in the United States District Court for the Eastern District of Louisiana, at the above given [cause number], dated January 17, 2000. At that time, I [PLEAD GUILTY] as charged, and was sentenced to a term of imprisonment of [94 MONTHS] the federal violation was Title 21 USC 846 Attempt and Conspiracy.

At the time that I committed the federal offense, I was serving a [(6) six year parole sentence] for an offense against the laws of the State of Louisiana, on January 02, 1992, [Possession with the Attempt to Distribute Cocaine] & [Battery on a Police Officer], [seven years imprisonment] plus [six months] for the [Battery Charge] and on [November 04, 1992, [Possession of Cocaine], [five years imprisonment], and I plead [guilty] as charged, on both

cases in **December**, of **1993** and [**Paroled**] on **June 10**, **1994**. Due to my [**instant offense**], I currently have a [**detainer**] lodged against me for [**violating parole**]. Presently, impending [**state parole violation sentence**] is running [**consecutively**] to the federal sentence, that I am presently serving. I am presently [**ineligible**] for [**half - way house**] placement, because my sentences [**are not**] being run [**concurrent**]. I, respectfully [**REQUEST**] the **COURT**, in the persona of, United States District Court Judge, the Honorable, Martin L.C. Feldman, would consider, causing [**ORDER**] to [**ISSUE**] that would allow for the running of my, [**state parole violation sentence**], [**concurrent**] with the [**federal sentence**] that I am presently serving.

The **Louisiana Law**, states, a [**new term**] of [**imprisonment**] [**SHALL**] be served [**consecutively**] to the term of [**imprisonment**] for a violation, [**UNLESS**], a [**concurrent term**] of [**imprisonment**] is expressly directed by the **COURT**. I here call your attention to, The **LOUISIANA REVISED STATUTE 15:574.10**. This statute refers to the **COURT**, as **COURTS** of the **State of Louisiana**, as well as **COURTS** from other jurisdictions, including the **Federal Courts**. I have supplied you a copy of **Revised Statue 15:574.10**. It states ... See copy.

### Conviction of a felony while on Parole.

When a person is convicted in this state of a felony committed while on parole or is convicted under the laws of any other state or of the United States or any foreign government or country of an offense committed while on parole and which if committed in this state would be a felony his parole shall be deemed [**revoked**] as of the date of the commission of the felony or such offense under the laws of the other jurisdiction. His parole officer shall inform the sentencing judge of the fact that the convicted defendant is a parole violator. The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the condition of parole. The new sentence

of imprisonment shall be served consecutively to the term of imprisonment for violation of parole unless a concurrent term of imprisonment is expressly directed by the court.

The Louisiana Department of Corrections, can and will accept a United States District Court Judge's running of State of Louisiana [parole time] [concurrent] with federal incarceration being served, and the judge's order [CAN] be made subsequent to the [original sentence]. The Louisiana Department of Public Safety and Correction, [will] accept based on the federal decison. See [Dorman v Ward]. The Louisiana Department of Public Safety and Corrections has no objections. I have supplied copies of; Louisiana Art. 883 and 883.1.

See SENTENCING IN GENERAL

State of Louisiana, Code of Criminal Procedure

Art. 883. Concurrent and Consecutive Sentences

[Defendant] is [convicted] of two or more offenses based on the same act or transaction, or constitution parts of a common scheme or plan, the terms of imprisonment shall be served [concurrently] unless the court expressly directs that some or all be served [consecutively]. Other sentences of imprisonment shall be served [consecutively] unless the court expressly directs that some or all of them be served [concurrently], in the case of the [concurrent sentence], the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run [concurrently].

Amended by Acts 1977, No. 547, § 1

Art. 883.1 Sentences

Concurrent with Sentences of other Jurisdiction

A. The sentencing court may specify that the sentence imposed be served [concurrently] with a sentence imposed by a federal court or a court of any other state and that service of [concurrent] terms of

imprisonment in a federal correctional institution or a correctional institution of another state shall be in this state in the manner and to the same extent as if the [defendant] had been committed to the **Louisiana Department** of **Public Safety** and **Corrections** for the term of years served in a federal correctional institution or a correctional institution of another state. When serving a [**concurrent**] sentence in a federal correctional institution or a correctional institution of another state, the [defendant] shall receive credit for time served as allowed under the laws of this state.

May the Court be aware, [DEFENDANT] or [FAMILY MEMBER] are allowed to pick-up the ORDER, and forward said ORDER, of the courts minutes, containing judge's ORDER, to the **Louisiana Department** of **Public Safety** and **Corrections**, and the **Louisiana Department** of **Safety** and **Corrections** [**will**] remove the [detainer].

I have supplied the COURT, with a letter from my [**Parole Officer**] **Mr. Rick Weidenhaft**. **Mr. Terry Sanders**, the **Assistant Program Manager** of the **Louisiana Department** of **Public Safety** and **Corrections**, **Fugitive Warrant Unit**, will send to the COURT a letter. The letter from **Mr. Sanders** will show, that the **Louisiana Department** of **Public Safety** and **Corrections** will HONOR an ORDER that allows for the running [**concurrent**] my [**FEDERAL SENTENCE**] and [**STATE PAROLE**] violations, [**without**] any opposition. **Mr. Terry Sanders**, can be reached at [225 – 342 – 6615], he also sent to, **Assistant United States District Attorney**, **Maurice Landrieu**, a letter explaining [**how**] and [**why**] the **State of Louisiana** will [**HONOR**] this agreement and the same letter will be sent to the COURT.

I know, "Such a request should be earned not given." Therefore,

I have supplied the COURT with the following documentation, copies of my programming accomplishments; such as my, **General Education Diploma**;

**Certificates** of **Vocational Training**; earned from [**Lamar University**], and over [**7,000 Hours**] of [documented **electrical training**], and a [**Certificate** of **Completion**] from the [**500 Hours** of Residential Drug Abuse Program].

To be perfectly [**HONEST**], I am proud of my **vocational** and **academic** accomplishments, however, the most **profound** and **much needed teachings**, I have received has come from the **Residential Drug Abuse Program**. The program taught me how to recognize, understand and rationally handle my thoughts and emotions. The program not only helped me to deal with my **substance abuse problem**, it also taught me [**social skills**]. The information that I have learned in the program will be my guide for making [**positive**] and [**rational choices**]. Among other things, the program has helped me to [**recognize**] and [**change**] my [**dysfunctional belief system**]. I am sending along my [**Residential Drug Abuse Treatment Summary**], it speaks to my changed belifs and values and that I am learning to break the **dysfunctional cycle**, you spoke of during my sentencing ...

> "If I did not change my **dysfunctional crime ridden lifestyle**, my sons may follow in my footsteps, and end up in someone's courtroom, for committing a crime."

I was not in control of having a father, but I am in control of being a father, to my children. Teaching them positive values and beliefs, have become my motivation. Instilling values, such as honesty and responsibility, will be the key to keeping my children [**out of**] criminal courtrooms, and help them to lead productive law abiding lives.

Even though this has been a negative situation, I am getting positive enlightment from the experience. My vocational training, that I requested, and you sir, [**GRANTED**] was a good decision, because it gave me an opportunity to rear my children with love and compassion. I assure you, I have vocationally,

academically, mentally and spiritually trained to be a productive citizen.

Most Respectfully Submitted

SPENCER H. JOHNSON
Register Number  26940 - 034
Federal Correctional Complex [LOW]
Beaumont, Texas 77720

