

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 00-022 |
| versus | * | SECTION: "F" |
| SPENCER JOHNSON | * | |

\* \* \*

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CONCURRENT SENTENCE

**NOW INTO COURT,** comes the United States of America, appearing herein through the undersigned Assistant United States Attorneys, and respectfully responds to the motion of defendant, Spencer H. Johnson ("Johnson"), for an order directing that the federal sentence imposed by this Court which Johnson is currently serving shall run concurrently with any state court sentence which may be ordered for Johnson's parole violation.

### RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 21, 2006, the Federal Grand Jury returned a one count indictment charging Johnson and his co-defendant, Thomas Burns ("Burns"), with conspiring to distribute a

1

quantity of cocaine hydrochloride. On March 16, 2000, Johnson pled guilty pursuant to a plea agreement.

The Pre-sentence Investigation Report ("PSR") prepared by the United States Probation Office indicated that Johnson had the following adult criminal convictions and sentences: (1) Jan. 2, 1992, 24th Judicial District Court, Parish of Jefferson, State of Louisiana, possession with intent to distribute cocaine, seven year imprisonment, resisting arrest and battery on a police officer, six months imprisonment, to run concurrently; (2) May 13, 1992, 24th Judicial District Court, Parish of Jefferson, State of Louisiana, possession of marijuana, six months imprisonment; and (3) November 4, 1992, 24th Judicial District Court, Parish of Jefferson, State of Louisiana, possession of cocaine, five years imprisonment. As to the November 4, 1992, conviction, Johnson was paroled on June 10, 1994, with a parole expiration date of December 4, 2000. Because the instant cocaine conspiracy occurred on or prior to January 17, 2000, Johnson violated the terms of his state parole when committing it and the State of Louisiana lodged a detainer with the United States Marshal's Office for his parole violation.[1]

On June 23, 2000, this Court sentenced Johnson to a term of imprisonment of ninety-

---

[1] Johnson also had another misdemeanor adult conviction, outstanding traffic attachments and misdemeanor charges, and a number of arrests which did not lead to convictions.

2

four months to be followed by a five year term of *supervised release*. (Rec. Doc. No. 32). Johnson did not appeal his conviction, nor has he filed a motion for *habeas* relief pursuant to 28 U.S.C. § 2255. On March 13, 2006, he filed the instant motion seeking entry of an order from this Court that the federal sentence which he is presently serving shall run concurrently with any subsequent state sentence for a state parole violation.

## LAW AND ARGUMENT

Whether or not Johnson's sentence for a state parole
violation should be concurrent with his previously imposed
federal sentence is a matter within the jurisdiction of
<u>the state court sentencing Johnson for the parole violation</u>

In his motion, Johnson requests that this Court amend the ninety-four month imprisonment sentence this Court imposed on June 23, 2000, by ordering that his federal sentence should run concurrently with any sentence to be imposed in the future by the state court for a state parole violation. Johnson argues that because he has utilized the training, educational, and drug abuse treatment opportunities available to him as a federal prisoner to improve himself, he is entitled to a concurrent sentence for his state parole violation. As evidence of his accomplishments while incarcerated, Johnson has attached numerous certificates and documents. Johnson has also attached a January 17, 2006, letter from Richard D. Weidenhaft of the Louisiana Department of Public Safety and Corrections,

3

Jefferson Parish Probation and Parole, indicating that he had no objection to a concurrent sentence and remarking that he could not speculate as to "the State of Louisiana's position" with respect to whether his state parole violation sentence should be concurrent with his federal sentence.

As legal support for his request, Johnson cites La. Rev. Stat. 15:574.10 which provides in pertinent part that:

> When a person is convicted in this state of a felony committed while on parole or is convicted under the laws of any other state or of the United States or any foreign government *or country of an offense committed while on parole and which if committed in this state would be a felony, his parole shall be deemed revoked as of the date of the commission of the felony and such offense under the laws of the other jurisdiction.* His parole officer shall inform the sentencing judge of the fact that the convicted defendant is a parole violator. The term for which the defendant shall be imprisoned as a parole violator shall be the *same as that provided in cases of revocation for violation of the conditions of parole.* **The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole unless a concurrent term of imprisonment is expressly directed by the court.**

(Emphasis added).

A plain reading of this statute indicates that any sentence arising out of the revocation of the defendant's parole shall be consecutive to the sentence for conviction of the new offense, unless **the state judge** sentencing the defendant directs that it be concurrent. This

4

construction of the statute comports with that of Judge Berrigan in <u>United States v. Rosas</u>, Crim. No. 94-198, 1997 WL 285015 (E.D. La. May 28, 1997), who concluded that:

> La. Rev. Stat. 15:574.10 requires the remaining term of imprisonment on a revoked parole resulting from a subsequent conviction must run consecutively to the term of imprisonment of the subsequent conviction. Louisiana jurisprudence states it is the district court having jurisdiction over the original parole violation that can authorize concurrent sentences. The original parole violation occurred in state court. Under Louisiana law, a federal district court has no authority to order concurrent terms of imprisonment for a state parole violation and a subsequent federal conviction. *State of Louisiana ex rel George v. Hunt*, 327 So. 2d 375 (La. 1976); *State of Louisiana v. Smith*, 595 So. 2d 813 (La. App. 2d Cir. 1992).

1997 WL 285014 at *4.

The Louisiana cases cited by Judge Berrigan in <u>Rosas</u> support her findings. In <u>Hunt</u>, the Louisiana Supreme Court noted that La. Rev. State. 15:574.10 applies only to state courts. 327 So. 2d at 377. The <u>Hunt</u> court also observed that the defendant is not prejudiced by the failure of the state to seek an interruption of his federal incarceration in order to proceed on the state parole violation, noting that upon the defendant's return to state custody after completion of his federal sentence, he will be entitled to a parole hearing under La. Rev. State. 15:574.9, which authorizes the parole board to consider commutation and diminution of the parole revocation sentence earned for good behavior while in prison in its

determination of whether the defendant should be re-paroled. 327 So. 2d at 377. In <u>Smith</u>, the court recognized that:

> Theoretically, inasmuch as parole authorizes service of a sentence outside the penitentiary, a parolee remains in the custody of the institution which paroled him. . . . Thus, in the instance of an out-of-state parolee, authorities of the 'sending' state may retake the prisoner, without review by the receiving state. . . . Of course, any pending prosecution or imprisonment must be first satisfied if so required by the host jurisdiction. During service of any new sentence, the state originally granting parole may issue a warrant. . . .
>
> Essentially, the prison authorities of the first sovereign, the state that granted parole, properly determine what effect any new conviction will have upon the sentence imposed there. That decision appropriately encompasses both whether reasonable grounds exist for revocation, and, if so, whether service shall occur concurrently or consecutively with the later term of imprisonment.

595 So. 2d at 814-815 (citations omitted). The <u>Smith</u> court also noted that La. Rev. Stat. 15:574.10 applies to the paroles granted from a Louisiana penal institution and does not apply to the disposition of another court's sentence.

Johnson also suggests that article 883.1 of the Louisiana Code of Criminal Procedure authorizes this Court to impose a concurrent sentence with the state court. Article 883.1 states that "[t]he sentencing court may specify that the sentence imposed be served concurrently with a sentence imposed by a federal court or a court of any other state and that

6

service of the concurrent terms of imprisonment in a federal correctional institution or a correctional institution of another state in the manner and to the same extent as if the defendant had been committed [to a Louisiana state correctional facility] for the term of years served in a federal correctional institution or a correctional institution of another state." Such language authorizes a Louisiana state court to order that a sentence imposed under Louisiana state law be served concurrently with a federal sentence or a sentence of another state; it has no application to this Court's authority to impose concurrent or consecutive sentences for violation of federal criminal statutes. The authorities cited by Johnson specify whether state court judges have the authority to order concurrent sentences for convictions for offenses constituting parole violations.

In Rosas, Judge Berrigan noted that "petitioner still has relief available to him by petitioning to the district court of Orleans Parish to order his state sentence be run concurrently with his sentences for his federal convictions." Id. Similarly, it is the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, having jurisdiction over Johnson's parole violation which can order his parole violation sentence to run concurrently with the federal sentence this Court imposed on June 23, 2000, and to which Johnson may

7

make his request for a concurrent sentence.[2] It is properly within the purview of the state court sentencing Johnson for a state parole violation to determine whether or not the state parole revocation sentence should be served concurrently or consecutively to the instant federal offense since it is the defendant's state parole which he violated by committing the offense which lead to his federal conviction.

---

[2]Because Johnson's motion for a concurrent sentence is based upon a plainly inapplicable statute and is substantively without merit, the government does not address in its main argument that Johnson has no procedural right to bring the instant motion for a concurrent sentence. However, it should be noted that Johnson has no procedural right to petition this Court at this time for a concurrent sentence. Because he did not appeal, Johnson's sentence became final ten days after June 26, 2000, the date the judgment was entered. *See*, Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (Sixth Circuit held that "unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."). Any motion by Johnson for *habeas* relief under 28 U.S.C. sec. 2255, would be untimely because it was not filed within one year of the finality of his conviction. Johnson does not suggest that he is seeking to correct a clear error under Fed. R.Crim. P. 35(a), but a motion under that rule would also be untimely as it must be made within seven days after sentencing.

Nor would this court have jurisdiction of any claim brought by Johnson under 28 U.S.C. sec. 2241. Section 2241 is the proper method to attack the manner in which a sentence is executed. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). "A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yuseff, 218 F.3d 448, 451 (5th Cir. 2000) (*citing* Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Blau v. United States, 566 F.2d 526, 527 (5th Cir. 1978)(*per curiam*)). Johnson is presently incarcerated at the Federal Correctional Complex in Beaumont, Texas, which is not within the jurisdiction of this United States District Court for the Eastern District of Louisiana.

8

## Conclusion

Accordingly, for the above-stated reasons, the motion of the defendant, Spencer Johnson, for a concurrent sentence should be denied.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

_____
CAROL L. MICHEL, Bar # 14226
Asst. United States Attorney
Hale Boggs Federal Building
500 Poydras Street, Room 210
New Orleans, Louisiana 70130
Telephone: (504) 680-3095
carol.michel@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2006, I filed the foregoing with the Clerk of Court and I mailed a copy of this document via United States Mail, first class, to Spencer H. Johnson, Register No. 26940-034, Federal Correctional Complex, Beaumont, TX 77720.

_____
Carol L. Michel