UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 00-22 |
| SPENCER JOHNSON | SECTION "F" |

ORDER AND REASONS

Before the Court is Johnson's motion to run a state parole-violation sentence concurrently with his federal sentence. For the reasons that follow, the motion is DENIED.

Background

Spencer Johnson was indicted by a federal grand jury on January 21, 2000 for conspiring to distribute cocaine hydrochloride in violation of the Federal Controlled Substances Act, 21 U.S.C. §§ 801 et seq. He pleaded guilty pursuant to a plea agreement on March 16, 2000. Johnson has numerous prior Louisiana state convictions[1] and had violated the terms of his state parole when he was convicted of the federal drug crime.[2] This Court sentenced

---

[1] His Presentence Investigation Report ("PSR") indicated convictions for (1) possession with intent to distribute cocaine, resisting arrest, and battering a police officer; (2) possession of marijuana; and (3) possession of cocaine.

[2] As to his November 4, 1992 possession-of-cocaine conviction, Johnson was paroled by the State of Louisiana on June 10, 1994. His parole was scheduled to expire on December 4, 2000. Since the conduct at issue in this federal drug conviction occurred prior to the January 21, 2000 federal indictment, Johnson violated the terms of his state parole.

1

Johnson on January 21, 2000.

Johnson now requests this Court to order that his state parole-violation sentence run concurrently with the federal sentence he is currently serving.

I

A.  28 U.S.C. § 2255

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255 claiming that a sentence imposed by a federal court "was imposed in violation of the Constitution or the laws of the United States."  Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has one year from the date on which judgment of conviction becomes final within which to bring his habeas corpus claims.  28 U.S.C. § 2255.[3]

If a petitioner fails to file his Section 2255 motion within the applicable one-year period, the Court must dismiss the petition as untimely, unless "'rare and exceptional circumstances'" warrant equitable tolling.  United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).

B.  Federal Rule of Criminal Procedure 35

Federal Rule of Criminal Procedure 35 permits a federal sentencing court to "correct a sentence that resulted from

---

[3] Section 2255 provides three other bases for determining the commencement of the one-year limitations period, none of which are relevant here.  See 28 U.S.C. § 2255.

2

arithmetical, technical, or other clear error" within seven days after the oral announcement of sentence.[4]  Rule 35's seven-day period to correct a sentence is jurisdictional and therefore cannot be waived or tolled.  <u>United States v. Lopez</u>, 26 F.3d 512, 518-19 & n.8 (5th Cir. 1994).

This Rule must be distinguished from 28 U.S.C. § 2255.  After the 1987 amendments to the Rule, a district court "no longer has authority to correct a sentence because it is illegal or was illegally imposed.  Such challenges must now be made on direct appeal, or by motion under § 2255."  Wright et al., Federal Practice & Procedure: Criminal, at § 584 (3d ed. 2004).  The Rule is "limited only to correction of technical errors or reduction of sentence under specified circumstances."  <u>Id.</u> at § 583.  Importantly, after the 1987 amendments, Rule 35 no longer permits the reduction of a <u>lawful</u> sentence.  <u>Id.</u> at § 586.

II

Federal courts must construe pro se petitions liberally, and this requirement may demand "'active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief.'" <u>Guidroz v. Lynaugh</u>, 852 F.2d 832, 834 (5th Cir. 1988) (quoting <u>Franklin v. Rose</u>, 765 F.2d 82, 85 (6th Cir. 1985) (internal quotations omitted)).  However, even after construing

---

[4] Federal Rule of Criminal Procedure 35 also permits the reduction of a sentence for substantial assistance made by the convicted defendant.

Johnson's petition liberally, the Court is unable to find any procedural vehicle for Johnson's requested relief.

Johnson seeks a modification of his seven-year-old sentence, which the Court imposed on January 21, 2000. In particular, he requests an order directed to the Louisiana courts, requiring a state-court judge to run any parole-violation sentence concurrently with Johnson's federally imposed sentence. Johnson, however, has failed to appeal his sentence, and the time to do so has expired. See Fed. R. App. P. 4(b). Moreover, Johnson cannot challenge his sentence as unlawfully imposed (something he does not claim in any case) by filing a petition pursuant to Section 2255 because any such challenge would be untimely: one year has elapsed from the date his judgment of conviction became final.[5] Finally, any challenge to his sentence based on clear error pursuant to Federal Rule of Criminal Procedure 35 (again, something he does not claim) likewise fails because it is untimely: more than seven days have passed since the Court sentenced him. Therefore, Johnson has no procedural avenues open through which he may present his sentence-modification claims.[6]

---

[5] Moreover, a defendant who had the opportunity to raise an issue on direct appeal but failed to do so is generally barred from raising that issue collaterally unless he can show cause for the failure to raise on appeal and actual prejudice from the alleged errors, or, in the alternative, actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998).

[6] Even if there existed a procedural mechanism so Johnson's claims could be addressed, they are without merit. Johnson

---

relies on La. Rev. Stat. Ann. § 15:574.10, which directs that a person who, while on parole, is convicted of a federal crime shall have his parole revoked and shall be subsequently imprisoned. "The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole *unless a concurrent term of imprisonment is expressly directed by the court*." § 15:574.10 (emphasis added). Johnson also relies on La. Code Crim. Proc. Ann. art. 883.1, which reads, in part: "The sentencing court may specify that the sentence imposed be served concurrently with a sentence imposed by a federal court . . . and that service of the concurrent terms of imprisonment in a federal correctional institution . . . shall be in satisfaction of the sentence imposed in this state . . . ." Article 883.1 continues, "When serving a concurrent sentence in a federal correctional institution[,] . . . the defendant shall receive credit for time served as allowed by the laws of this state." Finally, Johnson relies on Dorman v. Ward, 718 So. 2d 474 (La. App. 1 Cir. 1998). In Dorman, the defendant, released on parole by Louisiana, was convicted of theft crimes in Florida. Id. at 475. A Florida state judge ordered that the defendant's Florida sentences run concurrently with the sentences imposed in Louisiana. Id. The Dorman court concluded that section 15:574.10 required that the defendant be given credit for time served in Florida because the Florida state judge expressly required the Florida and Louisiana sentences run concurrently. Id. at 476. The court relied on an earlier Louisiana Supreme Court case interpreting Section 15:574.10 to apply only to *state* courts and concluded that the statute's limiting language did not exclude the courts of sister states. See id.

This Court, however, lacks the authority to order a Louisiana state court to run a state sentence concurrently with a federal sentence. No Louisiana law suggests otherwise. The Dorman decision, with its reliance on Section 15:574.10 and article 883.1, is not applicable in the federal-state context. See United States v. Rosas, No. Crim. A. 94-0198, 1997 WL 285015, at *4 (E.D. La. May 28, 1997) (Berrigan, J.) (unpublished) ("Louisiana jurisprudence states it is the district court having jurisdiction over the original parole violation that can authorize concurrent sentences. The original parole violation occurred in state court. Under Louisiana law, a federal district court judge has no authority to order concurrent terms of imprisonment for a state parole violation and a subsequent federal conviction."); State ex rel. George v. Hunt, 327 So. 2d 375, 377 (La. 1976) ("[Section] 15:574.10 has no effect in respondent's situation where the crime committed by him while on parole was a federal offense.").

Accordingly, Johnson's motion is DENIED.

New Orleans, Louisiana, March 2, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

Thus, even were it to address the merits of Johnson's claims, this Court could provide no relief. Instead, Johnson's relief, if any, must be obtained by petitioning the appropriate state court to order his Louisiana sentence run concurrently with the federally imposed sentence.